IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| NORA GUTIERREZ : <br> 1313 CRISFIELD DRIVE : <br> OXON HLL, MARYLAND 20745 : <br>  : <br>  Plaintiff, : <br>  : <br> v. : <br>  : <br> CELIA MORRIS : <br> 122 3RD STREET, SE : <br> WASHINGTON, DC 20003 : <br>  : <br> AMANDA BERARD : <br> PROFESSIONAL HOMEMAKER : <br> 15607 BOUNDS AVENUE : <br> LAUREL MD 20707 : <br>  : <br> DAVID MORRIS : <br> 823 FRANCE STREET : <br> NEW ORLEANS, LA 70117 : <br>  : <br>  Defendants. : | Case No._____ |

## COMPLAINT

COMES NOW, Plaintiff, Nora Gutierrez, by and through her undersigned counsel and hereby sues Celia Morris, Amanda Berard and David R. Morris for violation of District of Columbia Minimum Wage Act ("DCMWA"), the DC Wage Payment and Collection Law, D.C. Code § 32-1001 et seq., and the Fair Labor Standards Act 29 U.S.C. §201, et seq., and in support thereof, hereby states as follows:

## PARTIES

1. Plaintiff is an adult resident of the State of Maryland.

2. Defendant Celia Morris is an adult resident of the District of Columbia and was Plaintiff's employer at all times relevant to this Complaint.

3. Defendant Amanda Berard is an adult citizen of the State of Maryland and had decision making authority regarding wages paid to Plaintiff at all time relevant to this Complaint.

4. Defendant David R. Morris is an adult resident of the State of Louisiana and had decision making authority regarding wages paid to Plaintiff at all time relevant to this Complaint.

5. At all times relevant to this Complaint, Plaintiff was a non-exempt employee as defined by the Fair Labor Standards Act (FLSA) and did not meet the requirement for exemption from the FLSA pursuant to 29 U.S.C. §213, et seq., or C.F.R. §§541, et seq.

6. At all times relevant to this Complaint, Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. §203(e), D.C. Code § 32-1002(2) and D.C. Code § 32-1201(2).

7. At all times relevant to this Complaint, Defendants were Plaintiff's employer within the meaning of 29 U.S.C. §203(d), D.C. Code §32-1002(3) and D.C. Code § 32-1301(B).

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter based upon 28 U.S.C.A. §1331 because this matter is based a question of federal law.

9. Venue in this matter is proper based upon 28 U.S.C.A. §1391.

## FACTS OF THE CASE

10. Plaintiff was hired by Defendant Celia Morris to provide companionship and personal care services on May 13, 2017.

11. In addition to companionship services, Plaintiff' was required to assist with personal care, such as bathing, dressing, toileting, grooming, cooking, cleaning and other general household services including, laundry, general home cleaning, general home maintenance, grocery shopping, pharmacy shopping, and pet care, including taking Celia Morris' cats to the vet.

12. Plaintiff spent more than 20 percent of her time performing services other than companionship and fellowship services for Defendant Celia Morris.

13. At the time Plaintiff was hired, Ms. Morris was approximately 83 years of age, living alone and in need of regular in home assistance and care.

14. At the time Plaintiff was hired, Defendant Amanda Berard, a "Professional Homemaker" was working for Defendant Celia Morris as a daily money manager, organizer and scheduler for Ms. Morris.

15. Ms. Berard made decisions about the payment of Ms. Morris' household bills and expenses, including decisions related to if and how much Plaintiff was to be paid for her services.

16. At all times relevant to this Complaint, David Morris was Celia Morris' son, has a durable power of attorney from Ms. Morris and has decision making authority about the payment of Ms. Morris' expenses, including, but not limited to decisions related to if and how much Plaintiff was to be paid for her services.

17. Plaintiff was hired to provide 8 hours/day of care and companionship to Ms. Morris every day (56 hours/week) and was provided a room and use of Ms. Morris' house.

18. Ms. Morris and Plaintiff agreed that Plaintiff would have 8 hours per day to pursue Plaintiff's own interests.

19. In exchange for care and companionship services, Defendants initially paid Plaintiff nothing other than the use of the house.

20. Starting on or about July 25, 2017, Defendants began paying Plaintiff $500 per month for her labor.

21. In or about January, 2018, Defendants increased Plaintiff's wages to $1000 per month.

22.     In our about August, 2018, Defendant Berard instructed Plaintiff to submit time sheets showing only 32 hours per week for which Plaintiff was paid $12.50 per hour, regardless of the actual hours that Plaintiff was working.

23.     On or about August 23, 2019, Defendants "terminated" Plaintiff's employment and ceased paying her.

24.     However, Plaintiff continued to live in the house and provide care and companionship services to Ms. Morris until January 6, 2020 when Plaintiff vacated the house.

25.     Defendants did not display or provide any notification of employee's rights under federal or state wage and hour laws as required by 29 C.F.R. §541, et seq., and D.C. Code §32-1009, et seq.

26.     Defendants failed to pay Plaintiff the statutory minimum wage for the work she performed for Defendants in violation of the FLSA and the DCMWA.

27.     Defendant failed to pay Plaintiff overtime wages for the work she performed for Defendants in excess of 40 hours per week in violation of the FLSA and the DCMWA.

28.     Defendants were and are aware that FLSA, 29 U.S.C. §206 and the DCMWA, D.C. Code §32-1003(a) require employers to pay employees the statutory minimum wage.

29.     Defendant were aware and are aware that FLSA 29 U.S.C. §207 and DCMWA, D.C. Code §32-1003(c) require employers to pay employees overtime wages at the rate of 1.5 times their regular hourly pay for hours worked in excess of 40 hour each week.

30.     Defendants failed to maintain time and pay records for Plaintiff in violation of the FLSA and the DCMWA.

31.     Defendants failure to pay Plaintiff wages is the result of bad faith and not the result of any bona fide dispute.

COUNT I
VIOLATION OF DC CODE ANN. 32-1001
DISTRICT OF COLUMBIA MINIMUM WAGE REVISION ACT

32. Plaintiff hereby adopts all aforesaid paragraphs as if fully reproduced herein.

33. At all times relevant to this Complaint, Defendants failed to pay Plaintiff the statutory minimum wage.

34. At all times relevant to this Complaint, Defendants failed to pay Plaintiff overtime at 1.5 times her statutory minimum wage for all hours worked in excess of 40 in any workweek.

35. Plaintiff worked at least 56 hours per week, including at least 16 hours of overtime each week that she worked for Defendants based on her initial agreement with Defendant Celia Morris.

36. In addition to the hours that Defendants and Plaintiff agreed that Plaintiff would work, Plaintiff worked an additional 8-10 hours per day, every day, providing in home care and companionship services to Defendant Celia Morris for which she was not compensated.

COUNT II
VIOLATION OF DC CODE ANN. 32-1001
DISTRICT OF COLUMBIA WAGE PAYMENT AND COLLECTION LAW ("DCWPCL")

37. The DCWCL requires the employers pay employees all wages earned on regular pay periods, at least bi-weekly and upon separation, immediately pay all earned, unpaid wages.

38. For at least the first 15 months of her employment, Defendants failed to pay Plaintiff at least bi-weekly.

39. At the time of her separation from employment, Plaintiff was entitled to a substantial amount of unpaid wages, including regular wages and overtime.

40. Following her separation, and continuing for more than 10 days, Defendants failed and refused to pay Plaintiff's earned yet unpaid wages.

5

41. As a result of these violation of the DCWPCL, Plaintiff is entitled to her earned, unpaid wage, treble damages and attorneys' fees.

## COUNT III
## VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA)
## 29 U.S.C. §201, et seq.

42. The FLSA requires Defendants to pay Plaintiff both minimum wages for 40 hours worked and overtime wages at the rate of 1.5 times her minimum wage for hours worked in excess of 40 in any workweek.

43. At all times relevant to this Complaint, Defendants failed to pay Plaintiff the statutory minimum wage.

44. At all times relevant to this Complaint, Defendants failed to pay Plaintiff overtime at 1.5 times her statutory minimum wage for all hours worked in excess of 40 in any workweek.

45. Plaintiff worked at least 56 hours per week, including at least 16 hours of overtime each week that she worked for Defendants based on her initial agreement with Defendant Celia Morris.

46. In addition to the hours that Defendants and Plaintiff agreed that Plaintiff would work, Plaintiff worked an additional 8-10 hours per day, every day, providing in home care and companionship services to Defendant Celia Morris for which she was not compensated.

47. The FLSA provides that Plaintiff is entitled to her unpaid wages, liquidated damages and attorneys fees.

WHEREFRORE, Plaintiff respectfully requests that this Court enter judgment favor of Plaintiff and against Defendants for

A. On Count I (Violation of the DC Minimum Wage Act), award Plaintiff all of her unpaid wages, treble damages and attorneys' fees;

B.  On Count II (Violation of DC Wage Payment and Collection Act), award Plaintiff all of her unpaid wages, treble damages and attorneys' fees;

C.  On Count III (Violation of the Fair Labor Standards Act), award Plaintiff all of her unpaid wages, liquidated damages and attorneys' fees;

D.  Award Plaintiff all of her fees and costs associated with this matter, including her attorneys' fee; and

E.  Such other and further relief as this Court deems necessary based upon the facts and circumstances of this case.

Dated: July 2, 2020

Respectfully Submitted,

/s/Neil S. Hyman
Neil S. Hyman, Esquire
DC Bar No. 465047
Law Office of Neil S. Hyman, LLC
4520 East West Highway, Suite 700
Bethesda, Maryland 20814
301-841-7105 (p)
neil@neilhymanlaw.com
*Counsel for Plaintiff*